## In re JACOB F. THALER & CO.

(District Court, W. D. Pennsylvania. March, 1924.)

No. 10952.

1. **Sales** ⊝474(1)—**Contract for installation of roller mill held conditional sales contract.**

Contract for installation of roller mill, with reservation of title, *held* a conditional sales contract, such as must fully comply with provisions of Conditional Sales Act of Pennsylvania (Pa. St. 1920, §§ 19727–19734), to be available against creditors of bankrupt purchaser.

2. **Bankruptcy** ⊝184(1)—**Conditional sales contract held to contain insufficient description to be available against bankrupt purchaser's creditors.**

Contract for installation of roller mill, which described property only as being "located at Erie, Pa., on land owned by the licensee," *held* to insufficiently describe property to satisfy Conditional Sales Act Pa. § 4 (Pa. St. 1920, § 19730), so that, though recorded, it could not be asserted against creditors of bankrupt purchaser.

In Bankruptcy. In the matter of Jacob F. Thaler & Co. On review of referee's order refusing the claim of the Anglo-American Mill Company, Inc., to certain property. Order affirmed.

THOMSON, District Judge. This is a petition by the Anglo-American Mill Company, Inc., for the return by the trustee in bankruptcy of a certain roller mill for the making of flour and cereals, which was installed in certain property of the bankrupt located in the city of Erie. The contract under which the mill was installed is dated June 15, 1921, and designated a "license contract." It consists of an order by J. F. Thaler & Co. on the Anglo-American Mill Company to ship to the former at Erie, Pa., one complete Midget Marvel roller mill No.

1, $2,850, and accessory equipment as per schedule, $2,052.71, to be located at Erie, Pa., on land of licensee. The price, $4,902.-71, was payable cash with order, $490; cash on shipment, $1,961.36; and the balance payable in nine equal payments, of $272.37 each, secured by notes, as designated therein. It was specified in the order or contract that the title to the machinery should not pass to the licensee, or any other person, until payment in full of the consideration. The contract was accepted by the mill company on June 22, 1921, and the machinery installed in the month of August following. The contract was recorded on March 2, 1922, in the prothonotary's office of Erie county, in the Miscellaneous Docket. The bankrupt on May 8, 1922, gave a mortgage on the property in which the mill was installed, the mortgagee having no actual notice of the existence of the license contract.

[1, 2] The referee held that the contract in question was a conditional sale, and in this conclusion we concur. Full possession being given under the conditional sale of the machinery in question, the petitioner's case must fail as against the creditors of the bankrupt, unless there was a full compliance with the provisions of the Conditional Sales Act of Pennsylvania, approved June 7, 1915 (P. L. 866 [Pa. St. 1920, §§ 19727-19734]). Section 4 of that act, which specifies what the contract must contain, provides: "F. A description sufficient for identification and location of such real property or chattels real."

No such description or identification appears in the contract. The only words bearing on that matter are, "to be located at Erie, Pa., on land owned by the licensee." As it appears that the latter was the owner of other real estate, it would be hard to conceive a more faulty description. This is a fatal departure from the requirements of the act. In other respects pointed out by the referee the provisions of the act of assembly were not strictly complied with.

The order of the referee refusing the petition for the return of the property was in harmony with the law as we view it, and is therefore affirmed.